UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHELDON P. MCGEE,<br><br>                  Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>                  Defendant. | Case No. 2:14-CV-00776-RSL-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Sheldon P. McGee's application for Supplemental Security Income ("SSI") benefits was denied because the ALJ concluded that alcoholism is a contributing factor material to the determination of disability. Dkt. 13. Appealing this decision, Mr. McGee contends that the ALJ harmfully misevaluated the following: (1) Mr. McGee's credibility; (2) the medical opinions of treating psychiatrist James Basinski, M.D.; (3) the opinions of counselor Ashley Proto, M.S.W., M.H.P.; and (4) the opinions of chemical-dependency counselor Robert Young. *Id.* at 1. The Court finds that the ALJ mishandled the legal analysis of alcoholism and failed to support with substantial evidence the decision to reject detailed, relevant medical and other testimony about the severity of Mr. McGee's mental and cognitive impairments while sober. The Court therefore recommends **REVERSING** and **REMANDING** for further administrative

REPORT AND RECOMMENDATION - 1

proceedings.

## BACKGROUND

Mr. McGee is 48 years old, attended ninth grade, did not receive a GED, and worked sporadically for months at a time as a carpenter (most recently in 2004). Tr. 64–85. On March 15, 2011, he applied for benefits, alleging disability as of September 1, 2009. Tr. 63, 71. His application was denied initially and on reconsideration. Tr. 64–85. The ALJ conducted a hearing on September 20, 2012, finding Mr. McGee's alcoholism was a factor material to the determination of disability because he would not be disabled if he stopped abusing alcohol. Tr. 10–22. As the Appeals Council denied Mr. McGee's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1–6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Mr. McGee had not engaged in substantial gainful activity since the application date of March 15, 2011.

**Step two:** Mr. McGee has the following severe impairments: depression, anxiety, and alcohol dependence.

**Step three:** These impairments, including alcohol dependence, met the listings for "affective disorders" (12.04), "anxiety-related disorders" (12.06), and "substance addiction disorders" (12.09).[2] With Mr. McGee's drug addiction/alcoholism taken into account—Social Security regulations require that an assessment be made of the applicant's impairments *absent the substance abuse*[3]—his remaining impairments would be severe but not equivalent to a listed impairment.

**Residual Functional Capacity:** *Absent substance abuse*, Mr. McGee has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations. He can understand, remember, and carry out short and simple tasks. He can have occasional interaction with coworkers and supervisors. He should not work with the general public. He needs a routine and predictable work

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpt. P, App. 1 (20 C.F.R. §§ 404.1520(d) and 416.920(d)).
[3] 20 C.F.R. §§ 404.1535, 416.935.

environment.

**Step four:** *Absent substance abuse*, Mr. McGee could not perform past relevant work.

**Step five:** *Absent substance abuse*, when Mr. McGee's age, education,[4] work experience, and RFC are considered, he could perform a significant number of jobs in the national economy. He is therefore not disabled.

Tr. 10–22.

## DISCUSSION

There is no dispute that Mr. McGee has a severe alcohol dependency. He began drinking as a 7-year old after the murder of his father, may have been an alcoholic by the age of 13, and has been in-and-out of jail, homelessness, and inpatient substance-abuse treatment for years. Tr. 50, Tr. 435–436. Similarly, the parties do not dispute that Mr. McGee's suffers from the severe impairments of depression and anxiety disorder. Dkt. 436. The parties' conflict arises from the ALJ's conclusion that Mr. McGee is not disabled because alcoholism is a contributing factor material to the determination of disability. Tr. 22. Mr. McGee contends that the ALJ erroneously discounted (1) Mr. McGee's credibility; (2) the medical opinions of treating psychiatrist Dr. Basinski; (3) the opinions of counselor Ms. Proto; (4) and the opinions of chemical-dependency counselor Mr. Young. According to Mr. McGee, these errors were harmful because the ALJ declined to identify a cognitive disorder as a severe impairment at step 2, and determined that, in the absence of alcoholism, Mr. McGee's RFC was not significantly compromised by his mental and cognitive impairments.

---

[4] The Court notes that the ALJ erred by stating that Mr. McGee has a high-school education. Tr. 21. No one disputes that Mr. McGee has "limited or less" education: he attended school only up to ninth grade, and from sixth to ninth grade attended class only three hours per day at a continuation school. Tr. 49, 435. The ALJ's mistake regarding Mr. McGee's education does not, however, alone impact her determination of "not disabled" according to the Medical-Vocational Guidelines. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2.

REPORT AND RECOMMENDATION - 3

If drug addiction or alcoholism ("DAA") is a contributing factor material to the determination of disability, a claimant cannot be considered disabled for purposes of awarding benefits. 42 U.S.C. § 1382c(a)(3)(J). Therefore, where relevant, an ALJ must conduct a DAA analysis and determine whether a claimant's disabling limitations remain absent the use of drugs or alcohol. 20 C.F.R. § 404.1535. The ALJ first identifies disability under the five-step procedure and then conducts a DAA analysis a second time to determine whether substance abuse is material to disability. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). If the remaining limitations without DAA would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material to his disability. 20 C.F.R. § 416.935(b)(2)(ii). If the remaining limitations would not be disabling without DAA, then the claimant's substance abuse is material and benefits must be denied. 20 C.F.R. § 416.935(b)(2)(i); *see Parra v. Astrue*, 481 F.3d 742, 747–48 (9th Cir. 2007). Plaintiff bears the burden of proving that DAA is not a contributing factor material to his or her disability. *Id.*

The Court finds that the ALJ erred as a matter of fact and law in the handling of Mr. McGee's alcoholism and the DAA analysis such that a reversal and remand is necessary so the record may developed further and the evidence considered anew from step 2 onward.[5] **First**, the ALJ legally erred and failed to cite substantial evidence to discount the severity of Mr. McGee's mental and cognitive impairments while sober. Because she improperly rejected as unreliable relevant and credible evidence of Mr. McGee's mental and cognitive impairments while outside of inpatient treatment, the ALJ failed to fulfill her responsibilities to reasonably determine credibility and resolve conflicts and ambiguities in the evidence. **Second**, the ALJ used selective reports of Mr. McGee's functional capacity while he participated in inpatient treatment as a

---

[5] The Commissioner's decision will be overturned only based on legal error or lack of substantial evidence. *See* 42 U.S.C. § 405(g); *Hiler v. Astrue*, 687 F.3d 1208, 1211 (9th Cir. 2012).

proxy for determining Mr. McGee's RFC in a typical work setting. Throughout the decision, the ALJ arbitrarily and harmfully rejected testimony by Mr. McGee, treating psychiatrist Dr. Basinski, longtime counselor Ms. Proto, and resident substance-abuse counselor Mr. Young.

**1. The ALJ's Rejection of Testimony Related to Capacity While Sober**

The ALJ cited the same reason for rejecting all but selective inpatient notes regarding the significance of Mr. McGee's claims of suffering from severe mental and cognitive impairments while sober:

> Based on the reports of his functioning while in inpatient treatment, I find that when he is not drinking, his functioning improves considerably. The claimant has presented *no evidence to the contrary*.

Tr. 18 (discounting Mr. McGee's credibility on this basis, though finding him to be "largely credible") (emphasis added); *see* Tr. 13 ("I conclude that the mental status examination relied on by [treating psychiatrist Dr. Basinski] represents the claimant's functioning with his alcohol dependence. . . . The record shows that the *only time* the claimant has been abstinent is during periods of inpatient treatment.") (emphasis added); Tr. 18 (rejecting Ms. Proto's testimony regarding mental and cognitive disorders because "the claimant experiences significant improvement when not abusing alcohol"); Tr. 19 (rejecting Dr. Basinski's conclusions regarding ability to work because "I believe the claimant has significant difficulties, but these are connected to his active and ongoing drinking"); Tr. 20 (rejecting Mr. Young's testimony as a resident chemical dependency counselor because "the claimant is continuing to drink and while he may have a few days that he is not actually drinking, he is not sober for any length of time"). The ALJ was incorrect as a matter of fact and law.

First, the ALJ was incorrect as a matter of fact: Mr. McGee presented ample evidence to suggest that, while sober, mental and cognitive impairments diminish his ability to work. For

REPORT AND RECOMMENDATION - 5

example, in March 2012, treating psychiatrist Dr. Basinski examined Mr. McGee during a period of sobriety on a day on which he showed no visible signs of intoxication. *See* Tr. 435–37. Dr. Basinski noted the following:

> [Mr. McGee] has been able to experience longer periods of sobriety lasting anywhere from 2 weeks to 7 months, along with long-term inpatient treatment episodes. What was noticed during times of sobriety was the increase in Mr. McGee's psychiatric symptoms and therefore in 2009 he was referred to Healthcare for the Homeless where he started to engage in mental health treatment. Since doing so, [Mr. McGee] has had more frequent episodes of sobriety. Although Mr. McGee has continued to have frequent relapses, he has been sober for long enough periods to differentiate between the impact that his mental health symptoms have on his functioning versus his chemical dependence. Unfortunately what has also been observed is the deterioration in Mr. McGee's cognitive functioning (i.e., sustained attention, working memory, and executive functioning) which is likely linked to chronic alcohol toxic effects on brain and possibly related to past falls/head trauma.

Tr. 435. Dr. Basinski diagnosed major depressive disorder, generalized anxiety disorder, cognitive disorder, and alcohol abuse/dependence (in early abstinence of more than a month). Tr. 434, 436. Moreover, Dr. Basinski opined that Mr. McGee "has cognitive defects, likely linked to chronic alcohol toxic effects and past falls and multiple head traumas, that impact his attention, memory and executive functioning." Tr. 436. Dr. Basinski administered a mental status examination that found Mr. McGee's memory, concentration, and abstract thinking were all impaired. Tr. 437. Dr. Basinski concluded, "I strongly believe from his ongoing problems with anxiety, severe depression and anxiety, he will be unable to work for at least 12 to 24 months" and recommended treatment that addressed, among other things, dual-diagnosis issues. Tr. 436.

Other relevant, detailed evidence accords with Dr. Basinski's conclusions about mental and cognitive impairments. Counselor Ms. Proto, who treated Mr. McGee on more than 60

REPORT AND RECOMMENDATION - 6

separate occasions from 2010 to 2012, observed that his mental symptoms worsen when he is sober. Tr. 284, 464, 490, 528, 561, 571. Mr. McGee continued to have "problems with anxiety, depression, sleep[]problems, and poor self-care." Tr. 522; *see* Tr. 524, 526, 534, 544, 547, 549. Ms. Proto noted that when sober, Mr. McGee has "coped with emotional pain and trauma by[]consuming alcohol. [Because] of this his episodes of being clean[]and sober have been particularly difficult and resulted in him[]isolating from others and becoming further depressed." Tr. 581. During one period of extended sobriety, Ms. Proto noted that with sobriety came a "notable increase" in Mr. McGee's "agitation, irritability, anxiety and[]depressive symptoms which continue to interfere with [his] overall[]functioning." Tr. 485. Mr. Young—a clinical support specialist and chemical-dependency counselor at the supportive housing complex in which Mr. McGee lives—testified at the administrative hearing and completed a third-party function report. Tr. 52–59, 182–89. Mr. Young had known Mr. McGee for two years and met with him an average of three times a week. Tr. 53, 58. Mr. Young testified that when Mr. McGee is not drinking, he isolates in his room, and these periods of sobriety tend to be his most depressive episodes; his anxiety rises to the surface and he finds it difficult to live with himself. Tr. 54–55, 57–58. Mr. Young testified that Mr. McGee has great difficulty interacting with others when sober, and he avoids people by isolating in his room. Tr. 57. Mr. McGee stated that while sober his anxiety, depression, and anger worsen; he has difficulty interacting with others, he isolates in his apartment to cope with his mental symptoms; and he has difficulty with memory and concentration, which impair his ability to follow simple instructions and perform routine tasks. Tr. 38, 308, 387, 471, 494, 559, 573.

      Second, the ALJ was incorrect as a matter of law: relying on unsupported speculation, the ALJ declined to fulfill her responsibilities to determine credibility and to resolve conflicts in

medical testimony and ambiguities in the record.  *See Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995).   The ALJ rejected testimony by Mr. McGee, Dr. Basinski, Ms. Proto, and Mr. Young about mental and cognitive impairments because Mr. McGee has *never* been "sober" outside of inpatient treatment.  Tr. 13, 18–20.  That is, the ALJ found that no one aside from inpatient treatment providers (and a non-examining, agency psychiatrist) could reliably testify about Mr. McGee's mental and cognitive capacity while sober because Mr. McGee is an alcoholic and neither he nor anyone who believed him to be sober can be trusted.  The ALJ failed, however, to cite any evidence—medical, anecdotal, or theoretical—to support the conclusory proposition that alcoholics should be considered "not sober" even when they spend days, weeks, or months not inebriated.

Instead of resolving conflicts in the evidence the ALJ threw out evidence that conflicted.  For example, the ALJ failed to adequately explain why she gave significant weight to a 10-minute mini-mental status examination ("MMSE") administered during inpatient treatment and no weight whatsoever to a conflicting, full mental status examination ("MSE") administered by Dr. Basinski and to a conflicting MMSE administered during inpatient treatment.  *See* Tr. 19; *compare* Tr. 437 (outpatient MSE: deficiencies in memory, concentration, and abstract thinking) *with* Tr. 367 (inpatient MMSE: 30/30 with adequate orientation and cognitive capacity) *with* Tr. 636 (inpatient MMSE: 24/30 with disorientation, lack of knowledge about the date, and defects in memory, recall, writing, and copying).  As further example, no treating or examining medical provider opined that Mr. McGee's depression and anxiety would cease to be debilitating if Mr. McGee ceased drinking alcohol.  Treating psychiatrist Dr. Basinski opined the opposite.  Tr. 436.  Examining psychologist Dr. John Schwab—on whom the ALJ relied for discounting Mr. McGee's credibility—noted that Mr. McGee came to the appointment intoxicated but diagnosed

REPORT AND RECOMMENDATION - 8

both alcohol dependence and underlying major depression while offering no opinion about the severity of Mr. McGee's depression when sober.  Tr. 429.  The ALJ relied on the contradictory opinion of non-treating, non-examining psychiatrist Dr. Eugene Kester to support the conclusion that in the absence of alcoholism Mr. McGee's mental and cognitive impairments would have a minimal impact on his RFC.  Tr. 20, 76–77.  Dr. Kester's opinion, in turn, also presumed without reasonable explanation or support that Mr. McGee displayed the adverse effects of mental and cognitive impairments only while actively drinking.  Tr. 76, 77.  Although an ALJ may rely upon an opinion of a non-examining, testifying medical advisor when it is supported by other evidence in the record and is consistent with it, such is not the case here.  *Andrews*, 53 F.3d at 1041.  By speculating that Mr. McGee has never been sober outside of inpatient treatment, the ALJ declined to fulfill her duty of setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings.  *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

      In sum, the ALJ neither reasonably interpreted the evidence nor performed an adequate DAA analysis by dismissing relevant, detailed evidence on the basis that neither an alcoholic nor his outpatient treatment providers can be trusted to testify reliably about sobriety.  *See Molina v. Astrue*, 674 F.2d 1104, 1113 (9th Cir. 2012).  With respect to mental and cognitive limitations, the ALJ failed to offer clear and convincing reasons for discounting Mr. McGee's credibility, failed to offer specific, legitimate reasons for crediting non-examining physician Dr. Kester over treating psychiatrist Dr. Basinski, and failed to cite germane reasons for rejecting the opinions of Ms. Proto and Mr. Young.  *See Tommassetti*, F.3d.1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1041; *Molina*, 674 F.3d at 1111.  This case should be remanded so the ALJ can develop the record further, reconsider the severity of Mr. McGee's cognitive impairment at step 2, and

conduct a new DAA analysis.  *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001) ("[W]e reverse the SSA's denial of benefits because the ALJ failed to apply the correct legal standard in rejecting Dr. Bremer's psychological evaluation, and because her conclusion that Edlund did not suffer from a severe mental impairment was not supported by substantial evidence.").

### 2. The ALJ's Evaluation of Workplace RFC Based on Inpatient Setting

Mr. McGee argues that the ALJ improperly determined his workplace RFC based almost entirely upon his performance while undergoing inpatient substance-abuse treatment.  *See* Tr. 17–20.  Mr. McGee is correct.

The ability to function in the supportive, structured environment offered by inpatient treatment is not an accurate gauge of a person's functioning in other settings.  The Social Security regulations provide:

> Such settings may greatly reduce the mental demands placed on you.  With lowered mental demands, overt symptoms and signs of the underlying mental disorder may be minimized.  At the same time, however, your ability to function outside of such a structured or supportive setting may not have changed.  If your symptomatology is controlled or attenuated by psychosocial factors, we must consider your ability to function outside of such highly structured settings.

20 C.F.R. § 404, Subpt. P, App. 1, 12.00(F).  Moreover, the regulations also caution:

> We must exercise great care in reaching conclusions about your ability or inability to complete tasks under the stresses of employment during a normal workday or work week . . . based on your ability to complete tasks in other settings that are less demanding, highly structured, or more supportive.

20 C.F.R. § 404, Subpt. P, App. 1, 12.00(C)(3).  The Ninth Circuit has cautioned that it is error to reject a claimant's testimony merely because symptoms wax and wane in the course of treatment:

REPORT AND RECOMMENDATION - 10

> Cycles of improvement and debilitating symptoms are a common occurrence, and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working. Reports of "improvement" in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and nature of her symptoms. They must also be interpreted with an awareness that improved functioning while being treated and while limiting environmental stressors does not always mean that a claimant can function effectively in a workplace. Caution in making such an inference is especially appropriate when no doctor or other medical expert has opined, on the basis of a full review of all relevant records, that a mental health patient is capable of working or is prepared to return to work.

*Garrison v. Colvin*, 759 F.3d 995, 1017–18 (9th Cir. 2014).

Here, both Mr. McGee and his counselor Ms. Proto explained that he needs a structured setting to function adequately. Tr. 50–51, 315, 318, 320, 466, 468, 485, 488, 490, 559, 575, 577, 579, 581. Nevertheless, the ALJ based her determination that Mr. McGee could return to work with minimal restrictions entirely on his improvement while in inpatient treatment:

> He volunteered for many activities while in treatment including the responsibility of flag raising and lowering on a daily basis, attending many extra classes, arts and crafts, walks, and outings.

Tr. 18. The ALJ essentially adopted as the RFC determination the opinion of non-examining psychiatrist Dr. Kester. Tr. 20. Dr. Kester, in turn, puzzlingly characterized Mr. McGee's activities while confined in an *inpatient* treatment program as *not* indicating "a highly controlled, structured setting." Tr. 77. Neither the parties nor the evidence suggest that Dr. Kester's characterization is accurate. It is undisputed that the inpatient facility Pioneer North afforded Mr. McGee accommodations for his non-physical impairments rarely seen in a traditional work setting: he cleaned only the staff offices so he would not have to interact with other residents; he could walk into the counselors' offices at any time to discuss issues that troubled him; he could

REPORT AND RECOMMENDATION - 11

1  leave work for an hour just to walk around; and he did not need to complete a certain amount of
2  work because it was more important for him simply to "stay busy." Tr. 38–40, 46–47.
3        The ALJ did not offer specific, clear, and convincing reasons for discounting Mr.
4  McGee's testimony, or germane reasons for rejecting Ms. Proto's testimony, that Mr. McGee's
5  mental and cognitive impairments necessitated a structured environment. Contrary to Social
6  Security regulations and Ninth Circuit authority, the ALJ adopted Mr. McGee's functional
7  capacity within a highly structured environment as the one true measure of his ability to work a
8  normal workday.
9        **3.**    **Remand for Further Proceedings and Application of SSR 13-2p**
10        Mr. McGee argues that because the only remaining question is whether alcohol use is
11  material to his disability, the improperly rejected evidence should be credited as true and this
12  case should be remanded for immediate calculation and award of benefits. Dkt. 13, at 15. In the
13  alternative, he asks that the case be remanded for further proceedings. *Id.* The Commissioner
14  asks that if this matter is reversed, the case be remanded for further proceedings. Dkt. 17-1, at
15  18–19. The Court finds that this matter should be remanded for reassessment and further
16  development of the record, beginning at step 2 with whether Mr. McGee has a cognitive disorder
17  that constitutes a severe impairment, then proceeding with a new DAA analysis that reevaluates
18  the medical and other evidence, including Mr. McGee's credibility, in a manner consistent with
19  this Report and Recommendation and Social Security Ruling ("SSR") 13-2p (effective Mar. 22,
20  2013).
21        Usually, "[i]f additional proceedings can remedy defects in the original administrative
22  proceeding, a social security case should be remanded." *Lewin v. Schweiker*, 654 F.2d 631, 635
23  9th Cir. 1981). The Ninth Circuit has, however, devised a three-part credit-as-true standard,

REPORT AND RECOMMENDATION - 12

which must be satisfied in order for a court to remand to the ALJ with instructions to calculate and award benefits:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d at 1019.  Although Mr. McGee has satisfied parts two and three of the credit-as-true standard, the Court finds that the record has not been fully developed and further administrative proceedings are needed to resolve conflicts and ambiguities in the record.

       The ALJ declined to engage in a meaningful evaluation by declaring the record to be fully developed, arbitrarily disregarding relevant evidence about Mr. McGee's mental and cognitive impairments, and rejecting his request for an evaluation of cognitive capacity.  *See* Tr. 14, 32–34.  Although Mr. McGee's counsel offered a way to preserve the validity of a cognitive evaluation, Tr. 33, the ALJ nevertheless stated: "I decline [to] order an extensive, expensive evaluation that the claimant would likely attend intoxicated that would give me no further evidence other than the claimant has significant deficits when intoxicated." Tr. 14.  It was an abuse of discretion to reject Mr. McGee's request given Dr. Basinski's diagnosis of a cognitive impairment and conflicting mental status examinations obtained during inpatient and outpatient evaluations.  Tr. 33; *see* Tr. 367, 369, 434, 437, 636.

       The Court finds that further administrative hearings would help to further develop the record and to resolve conflicts in testimony and ambiguities within a record that may or may not support a finding that alcoholism is a contributing factor material to the determination of disability.  Moreover, on remand the ALJ will have the benefit of guidance on this issue in SSR 13-2p, which became effective in 2013 a few months after the ALJ issued her decision.

REPORT AND RECOMMENDATION - 13

**CONCLUSION**

For the foregoing reasons, the Court recommends that the Commissioner's decision be **REVERSED** and the case be **REMANDED** for further administrative proceedings.

On remand, the ALJ should reevaluate whether Mr. McGee's has a severe cognitive impairment at step 2, engage in a new DAA analysis to determine whether alcohol is a contributing factor material to the determination of disability, and develop the record about Mr. McGee's cognitive capacity and other issues necessary to resolving conflicts and ambiguities, all in a manner consistent with this Report and Recommendation and SSR 13-2p.

A proposed order accompanies this Report and Recommendation. Objections, if any, to this Report and Recommendation must be filed and served no later than **January 6, 2015.** If no objections are filed, the matter will be ready for the Court's consideration on **January 9, 2015**. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages. The failure to timely object may affect the right to appeal.

DATED this 23rd day of December, 2014.

BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 14